IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

KEITH W.R. LOWE,

    Plaintiff,

v.                                              Case No. 2:19-cv-00504

EX-WARDEN DAVID BALLARD and
CAPTAIN BRIAN PENICK,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are Defendant David Ballard's Motion to Set Aside Entry of Default [ECF No. 48] and Plaintiff's Renewed Motion for Entry of Default Against Defendant Brian Penick [ECF No. 49]. This matter is assigned to the undersigned United States District Judge, and it is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the court, the referral of these specific motions to Magistrate Judge Tinsley are **WITHDRAWN** and the undersigned will proceed to rule on the pending motions. However, this civil action will otherwise remain referred to Magistrate Judge Tinsley for further proceedings.

I.    Relevant Procedural History

This matter is proceeding against Defendants David Ballard ("Ballard") and Brian Penick ("Penick) on Plaintiff's Second Amended Complaint [ECF No. 20], which

alleges that Penick used excessive force against Plaintiff at the Mount Olive Correctional Complex ("MOCC") on July 7, 2017. [ECF No. 20 at 2-4]. The Second Amended Complaint further alleges a claim of supervisory liability against Ballard. [*Id.* at 4]. Plaintiff seeks monetary damages along with declaratory and injunctive relief. [*Id.* at 5].

Initially, summonses for both Defendants, who are former employees of the West Virginia Division of Corrections and Rehabilitation ("WVDCR") were improperly served by the United States Marshals Service ("USMS"). [ECF No. 23]. Thus, on April 7, 2022, Magistrate Judge Tinsley entered an Order and Notice directing that new summons be issued and that service of process be reattempted. [ECF No. 27].

According to the docket sheet, Ballard was ultimately served by certified mail on April 16, 2022. [ECF No. 34]. However, after Ballard failed to timely file an answer or other responsive pleading, Magistrate Judge Tinsley granted Plaintiff's motion for entry of default and directed the Clerk to enter default, but not default judgment, against Ballard. [ECF No. 44]. Defendant Penick, on the other hand, has not been successfully served with process, as his most recent summons, addressed to his last known home address, was returned unexecuted on June 15, 2022. [ECF No. 38]. Thus, default was not entered against Penick.

On October 25, 2022, Ballard, by counsel, moved to set aside the entry of default under Rule 55(c) of the Federal Rules of Civil Procedure. [ECF No. 48]. On October 27, 2022, Plaintiff filed his Renewed Motion for Entry of Default Against

2

Brian Penick. [ECF No. 49]. That same date, Ballard responded to the motion for entry of default against Penick, asserting that the motion was inappropriate because Penick had not been served with process and had no obligation to respond to the complaint at that time. [ECF No. 50]. On November 17, 2022, Plaintiff responded to Ballard's motion to set aside entry of default indicating that he does not oppose the motion. [ECF No. 50]. Both motions are ripe for resolution.

II. Discussion

    A.    Ballard's Motion to Set Aside Entry of Default.

At the discretion of the court, Rule 55(c) of the Federal Rules of Civil Procedure permits the setting aside of an entry of default for good cause. Fed. R. Civ. P. 55(c). Pursuant to *Rasmussen v. American Nat'l Red Cross*, 155 F.R.D. 549 (S.D. W. Va. 1994), where default has been entered, but judgment has not, a motion to set aside default is governed by a liberal good cause standard, rather than by the more restrictive standard for relief from judgment. The Fourth Circuit has established that district courts should consider the following factors in considering motions to set aside default pursuant to Rule 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

Our appellate court has further emphasized that default judgments are disfavored and that claims should generally be resolved on their merits. *See, e.g.,*

*Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.,* 616 F.3d 413 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."); *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993) (cautioning that "dismissal without deciding the merits is the most extreme sanction, [and] a court must ... exercise its inherent power to dismiss with restraint . . . ."). Consequently, "'an extensive line of decisions' has held that Federal Rule of Civil Procedure 55(c) must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). As noted by Ballard's motion, "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Id.* (citing *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

This matter has been stalled by errors by both Ballard and officers of the court. Ballard left employment at MOCC in or around January of 2020. Despite several failed attempts by the USMS to personally serve Ballard, he was subsequently served with process at his last known home address. [ECF No. 34]. Ballard's motion to set aside entry of default asserts that, in his experience as Warden at MOCC, responsive pleadings to inmate complaints were frequently filed on his behalf by counsel retained by MOCC's insurance carrier without his specific knowledge and he

4

reasonably believed that, after sending the summons and Second Amended Complaint to the West Virginia Department of Homeland Security on April 18, 2022, a responsive pleading would be filed in the same manner herein. [*Id.* at 2-3]. However, no such responsive pleading was filed.

Upon being served with a notice of entry of default, Ballard took immediate steps to employ counsel to represent his interests and filed his motion to set aside entry of default, thus acting with reasonable promptness. *See, e.g., United States v. 10,290.00 More or Less, in United States Currency*, No. 2:12-cv-04862, 2014 WL 1017200, *5 (S.D. W. Va. March 14, 2014) (Johnston, J.) (finding reasonable promptness where a party moved to set aside the entry of default just over two weeks after it was entered); *see also Pearson v. Giles Indus.*, No. 3:13–cv-19629, 2013 WL 6048714, at *2 (S.D. W. Va. Nov. 13, 2013) (Chambers, C.J.) (finding reasonable promptness in moving to set aside an entry for default that was entered two weeks prior). Ballard's motion further emphasizes that he has a potentially meritorious defense to this action, including a right to qualified immunity, and there is no evidence in the record establishing that Plaintiff will be unduly prejudiced if the default is set aside. Moreover, Plaintiff does not oppose Ballard's motion to set aside default and, in fact, welcomes further proceedings on the meris of his claims.

For the reasons set forth in his unopposed motion, I **FIND** that Ballard can satisfy the good cause standard and that Plaintiff will not be prejudiced by setting aside the default entered against him herein. Accordingly, for good cause shown, it

is hereby **ORDERED** that Ballard's unopposed Motion to Set Aside Default [ECF No. 48] is **GRANTED**, and the entry of default against Ballard is hereby set aside.

      B.      Plaintiff's Renewed Motion for Entry of Default Against Penick.

Rule 55(a) of the Federal Rules of Civil Procedure governs the entry of default. The rule provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Plaintiff seeks entry of default against Penick because he has not responded to the Second Amended Complaint. However, because Penick has not presently been successfully served with process, he has no current obligation to answer and is not in default. Thus, it is hereby **ORDERED** that Plaintiff's Renewed Motion for Entry of Default Against Defendant Brian Penick [ECF No. 49] is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

                                ENTER:     May 15, 2023

                                  JOSEPH R. GOODWIN
                                  UNITED STATES DISTRICT JUDGE