IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH W.R. LOWE,

        Plaintiff,

v.                                    CIVIL ACTION NO. 2:19-cv-00504

EX-WARDEN DAVID BALLARD, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

    Pending before the Court is Defendant Ballard's Motion to Dismiss. [ECF No. 57]. This matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). On November 28, 2023, Judge Tinsley submitted his Proposed Findings of Fact and Recommendation ("PF&R"), [ECF No. 78], recommending the Court (1) dismiss the claims against Defendant Penick for failure to serve pursuant to Fed. R. Civ. P. 4(m), (2) grant Defendant Ballard's Motion to Dismiss, [ECF No. 57], for failure to state a plausible claim for relief against Defendant Ballard in both his individual and official capacities, and (3) dismiss the action from its docket.

    On December 15, 2023, the petitioner timely filed objections to the PF&R. [ECF No. 80]. The Court has reviewed *de novo* those portions of the PF&R to which the

petitioner objects. For the following reasons, the Court **ADOPTS** the Magistrate Judge's PF&R, [ECF No. 78], **GRANTS** Defendant Ballard's Motion to Dismiss, [ECF No. 57], and **ORDERS** that this action be dismissed from the docket. The Court further **ORDERS** that Mr. Lowe's Motion for Extension of Time to File Objections to the PF&R, [ECF No. 81], is **DENIED** as moot.

## I. Background

After *de novo* review of those portions of the Magistrate Judge's PF&R to which objections were filed, the court **ADOPTS** the statement of relevant facts and procedural history set forth in the report. The detailed account provided by the Magistrate Judge therein requires only a brief summary here.

### A. *Filing of Suit and Service of Process*

On July 9, 2019, Keith W. R. Lowe, an inmate at the Mount Olive Correctional Complex ("MOCC"), filed a *pro se* Complaint against David Ballard, a former Warden at MOCC, and Brian Penick, a former correctional officer at MOCC, among others, for use of excessive force in transporting Mr. Lowe to be interrogated. [ECF No. 1]. Before any Defendants had answered the original Complaint, Mr. Lowe filed an Amended Complaint on September 17, 2020, with leave of the Court. [ECF No. 12]. On April 30, 2021, Mr. Lowe filed a Second Amended Complaint. [ECF No. 20]. In his Second Amended Complaint, Mr. Lowe pleaded two causes of action: (1) an Eighth Amendment violation against Defendant Penick for excessive force; and (2) supervisory liability against Defendant Ballard in both his individual and official capacities. *Id.* at 2–4.

After two unsuccessful attempts to serve summonses on both Defendants Ballard and Penick at MOCC—wherein the United States Marshal Service ("USMS") improperly left summonses with employees of the West Virginia Department of Corrections and Rehabilitation ("WVDCR") or its "legal department"—Defendant Ballard was ultimately served with his summons at his home on April 16, 2023. [ECF Nos. 15, 23, 33, 34]. A third attempt to serve Defendant Penick at MOCC was unsuccessful, as he no longer worked at the facility at that time. [ECF No. 38].

On May 17, 2023, Judge Tinsley ordered Mr. Lowe to provide an alternative address at which to serve Defendant Penick, [ECF No. 59], which Mr. Lowe provided on June 2, 2023, [ECF No. 65]. On July 12, 2023, Judge Tinsley issued an Order and Notice ordering the USMS to attempt personal service on Defendant Penick at the address provided by Mr. Lowe. [ECF No. 75]. Judge Tinsley stated that if service was not perfected within the prescribed time period, no further service attempts would be made and he would recommend dismissal of Defendant Penick pursuant to Federal Rule of Civil Procedure 4(m). *Id.* at 2. This final attempt at service on Defendant Penick was also unsuccessful. *See* [ECF No. 77].

### B. *Defendant Ballard's Motion to Dismiss*

On May 16, 2023, Defendant Ballard, by counsel, filed a Motion to Dismiss, asserting five grounds for the dismissal of Plaintiff's claims against him: (1) the cause of action was filed outside the applicable statute of limitations; (2) Mr. Lowe's Second Amended Complaint fails to state a plausible claim for relief; (3) Defendant Ballard is entitled to qualified immunity on his supervisory liability claim; (4) the claims

3

against Defendant Ballard in his official capacity are impermissible under 42 U.S.C. § 1983; and (5) Mr. Lowe failed to exhaust his administrative remedies prior to filing suit. [ECF No. 57]. Judge Tinsley recommended denial of Defendant Ballard's motion on grounds (1), (3), and (5) and recommended granting the motion on grounds (2) and (4). On June 8, 2023, Mr. Lowe filed an Objection and Response in Opposition to Defendant Ballard's Motion to Dismiss, [ECF No. 69], to which Defendant Ballard replied on June 13, 2023 [ECF No. 72]. The matter is now ripe for review.

## II. Standard of Review

A district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In doing so, the court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The court need not, however, review the factual or legal conclusions of the Magistrate Judge to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In reviewing those portions of the PF&R to which the petitioner has objected, this Court will consider the fact that the petitioner is acting *pro se* and will accord his pleadings liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III. Discussion

Mr. Lowe raises four objections to Judge Tinsley's PF&R. Each is discussed below. The Court will then address the portions of the PF&R to which Mr. Lowe did not object.

4

A. *Objection I: Dismissal of Claims Against Defendant Penick*

Mr. Lowe first objects to Judge Tinsley's recommendation that the claims against Defendant Penick be dismissed under Rule 4(m) because Defendant Penick was not properly served with process within 90 days and Mr. Lowe failed to provide good cause for that failure. [ECF No. 80, at 1]. Specifically, Mr. Lowe argues that the USMS improperly served the initial Complaint and First Amended Complaint at MOCC and that he was unable to provide a valid alternate address for Defendant Penick because "[i]t is a serious rule infraction to know, have or possess ANY staff members home address at MOCC for obvious security and safety reasons." *Id.* at 2.[1]

Rule 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own initiative after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause" requires a "showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). This is generally satisfied "when the failure of service is due to external factors, such as the defendant's intentional evasion of service," but "significant period of inactivity" and a "fail[ure] to seek extension of time before [the] deadline [has] lapsed" weaken any claim of good cause. *Id.* Pursuant to Rule 4(m), if good cause is shown, the court *must* extend the

---

[1] It should be noted that at the time of the final service attempt on Defendant Penick, he was no longer employed by MOCC. [ECF No. 78, at 3].

time for service. Rule 4(m) also gives district courts discretion to grant an extension even absent a showing of good cause. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022).

Here, Mr. Lowe argues that it was the USMS's initial improper service that prevented Defendant Penick from being served during Defendant Penick's period of employment with MOCC. [ECF No. 80, at 2]. He further states that he was unable to provide a valid home address due to MOCC's restrictions on inmate access to that information. *Id.* Defendant Penick—although he was not served with process—nonetheless filed a Reply to Mr. Lowe's Objections, [ECF No. 82], agreeing with Judge Tinsley's recommendation that the claims against him be dismissed. He noted that this Court specifically informed Mr. Lowe that should his third attempt at service fail, "[n]o further service attempts [would] be made." [ECF No. 75].

While it is within this Court's discretion to extend the time for service, the Court previously made clear that it would not do so. *See id.* As such, Mr. Lowe is required to show good cause for the failure to properly serve Defendant Penick. He has failed to do so. It has now been over two years since his Second Amended Complaint was filed on April 30, 2021, and the time for service has expired. I, therefore, **OVERRULE** this objection.

Pursuant to Federal Rule of Civil Procedure 4(m), Mr. Lowe's claims against Defendant Penick must be **DISMISSED**.

### B.     *Objection II: Dismissal of Claims Against Defendant Ballard*

Mr. Lowe next objects to Judge Tinsley's recommendation that the claims against Defendant Ballard in his individual and official capacities be dismissed for failure to state a plausible claim for relief. *See* [ECF No. 80, at 4]. However, because Mr. Lowe's claims against Defendant Ballard in his official capacity can be properly dismissed on alternative grounds, as discussed in Section E below, I will address only the dismissal of Mr. Lowe's supervisory liability claims against Defendant Ballard in his individual capacity for failure to state a plausible claim for relief here.

Under the Federal Rules of Civil Procedure, a complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-01334, 2019 WL 956806, at *1 (S.D. W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). These factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Est. Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To satisfy this standard, the plaintiff's allegations "must contain sufficient factual heft to allow a

court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

Here, Defendant Ballard argues that Mr. Lowe's allegations against him are "entirely conclusory in form" and "without one single supporting fact that can lead this Court to conclude [Mr. Lowe's] claims for [s]upervisor liability are plausible." [ECF No. 58, at 4]. Mr. Lowe disagrees, arguing that he "provided and submitted sufficient allegations, evidence, factual material, documents, exhibits and [an] affidavit to state a plausible claim" of supervisory liability. [ECF No. 80, at 4].

"[S]upervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). "There is, however, no *respondeat superior* liability pursuant to 42 U.S.C. § 1983." *Berry v. Rubenstein*, No. 1:07-00535, 2008 WL 1899907, at *2 (S.D. W. Va. Apr. 25, 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Instead, "'[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights,' or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible." *Id.* (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977)).

"Recognizing that supervisory liability can extend 'to the highest levels of state government,'" the Fourth Circuit has held that supervisory liability "ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" *Shaw*, 13

F.3d at 798 (quoting *Slakan v. Porter*, 737 F.2d 368, 376 (4th Cir. 1984), *cert. denied*, 470 U.S. 1035 (1985)). There are three elements necessary to establish supervisory liability:

(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
(2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and
(3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* at 799 (citations omitted).

To establish the first element, the plaintiff must show "(1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." *Id.* "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Id.*

Turning to the second element, the plaintiff "may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" *Id.* (citations omitted). This is a "heavy burden of proof" for the plaintiff because "a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his

9

responsibilities." *Id.* (quoting *Slakan*, 737 F.2d at 373). "Nor can he reasonably be expected to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id.* Instead, where there is documented widespread abuses, continued inaction by the supervisor "provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates." *Id. See also Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983).

Finally, the third element for supervisory liability is established "when the plaintiff demonstrates an 'affirmative causal link' between the supervisor's inaction and the harm suffered by the plaintiff." *Id.* (citations omitted). Causation in this context encompasses both cause in fact and proximate cause. *Id.* This "proof of causation may be direct . . . where the policy commands the injury of which the plaintiff complains . . . [or] may be supplied by [the] tort principle that holds a person liable for the natural consequences of his actions." *Id.* (quoting *Slakan*, 737 F.2d at 376).

In his Second Amended Complaint, Mr. Lowe alleges that Defendant Ballard 'implemented" and "condones" a "long[-]standing practice" known as "Martial Law," which allowed MOCC staff to use force against segregated inmates without first making "efforts to temper." [ECF No. 20, at ¶¶ 17–18]. This, Mr. Lowe claims, constitutes deliberate indifference by Defendant Ballard and establishes supervisory liability. *Id.* ¶ 17.

However, Mr. Lowe's claims are entirely conclusory in nature, and he did not plead sufficient facts to establish a plausible claim for relief. *See, e.g., id.* ¶ 15 ("Defendant Ballard . . . knew of the pervasive widespread conduct of Penick and other CO's at MOCC."); *id.* ¶ 17 ("Defendant Ballard implemented Martial Law, . . . has a practice of not using any efforts to temper, and condones, even instructing . . . Cos that they do not have to use efforts to temper . . . ."); *id.* ¶ 18 ("Defendant Ballard has had a long[-]standing practice of allowing his staff/subordinates to use unnecessary and excessive force against . . . inmates."). Mr. Lowe pleads no facts to illustrate that Defendant Ballard had actual or constructive knowledge of the conduct alleged against Penick, let alone that any "affirmative causal link" existed between Defendant Ballard's alleged inaction and the harm suffered by Mr. Lowe. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Even assuming the allegation that MOCC has a "Martial Law" practice is true, this does not, alone, indicate that inmates will be victim to excessive force.

Therefore, the Court **FINDS** that Mr. Lowe's Second Amended Complaint fails to state a plausible Eighth Amendment supervisor liability claim against Defendant Ballard in his individual capacity. Accordingly, Mr. Lowe's objection is **OVERRULED**.

C. *Objection III: Abuse of Discretion for "Premature" Dismissal of Complaint*

Mr. Lowe next objects on the basis that Judge Tinsley "abused his discretion by dismissing [the] Complaint [prematurely]." [ECF No. 80, at 4]. However, Mr. Lowe

misunderstands the nature of a PF&R. Federal Rule of Civil Procedure Rule 72(b)(1) provides that when assigned a pretrial dispositive motion, "[a] magistrate judge must promptly conduct the required proceeding . . . [and] enter a *recommended disposition,* including, if appropriate, proposed findings of fact." (emphasis added). That is precisely what Judge Tinsley has done here. He has not dismissed Mr. Lowe's case; rather, he *recommended* dismissal of the case as required by Rule 72. Judge Tinsley did not, therefore, abuse his discretion as asserted by Mr. Lowe. This objection is **OVERRULED**.

### D. *Objection IV: Abuse of Discretion for Failure to Convert Motion to Dismiss into a Motion for Summary Judgment*

Finally, Mr. Lowe objects to Judge Tinsley's purported failure to convert Defendant Ballard's Motion to Dismiss into a Motion for Summary Judgment under Federal Rule of Civil Procedure 56 because doing so would have allowed Judge Tinsley to consider evidence outside the four corners of the Second Amended Complaint. But as the Fourth Circuit has held, "it is not appropriate for the court to convert a motion to dismiss into a motion for summary judgment 'when the parties have not had an opportunity to conduct reasonable discovery.'" *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015)). No discovery has yet occurred in this case, so conversion of the motion to a Motion for Summary Judgment is not appropriate. As such, Judge Tinsley did not abuse his discretion in treating Defendant Ballard's motion as a Motion to Dismiss. This objection is **OVERRULED**.

### E. *Review of Portions of PF&R to which Mr. Lowe Did Not Object*

When a party fails to object to a portion of a Magistrate Judge's report, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Campbell v. United States D. Ct. N.D. Cal.*, 501 F.2d 196, 206 (9th Cir. 1974) ("The district court has the duty to make the final decision on the facts."). The Court has reviewed those portions of the PF&R to which Mr. Lowe did not object and finds no clear error on the face of the record.

The Court agrees that Mr. Lowe's Complaint was not untimely under the applicable statute of limitations and that Mr. Lowe did exhaust all available administrative remedies prior to filing suit. As such, it is not proper to dismiss Mr. Lowe's claims on these grounds.

Moreover, the Court agrees that Defendant Ballard, in his official capacity, is not a person who can be sued under 42 U.S.C. § 1983 is entitled to immunity from suit under both the Eleventh Amendment and the doctrine of qualified immunity. As such, Defendant Ballard's Motion to Dismiss the claim brought against him in his official capacity is **GRANTED**.

### IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's PF&R, [ECF No. 78], and **GRANTS** Defendant Ballard's Motion to Dismiss based on the grounds stated herein, [ECF No. 57]. Additionally, Mr. Lowe's claims against

Defendant Penick are **DISMISSED** pursuant to Federal Rule of Civil Procedure 4(m). The Court **ORDERS** that this action be dismissed from the Court's docket.

Further, because Mr. Lowe has already filed objections to the Magistrate Judge's PF&R, the Court **ORDERS** that Mr. Lowe's Motion for an Extension of Time to File Objections to the PF&R, [ECF No. 81], is **DENIED** as moot.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, any unrepresented party, and the Magistrate Judge and to transfer this matter to the inactive docket until further order of the Court.

ENTER:   January 30, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

14